UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARY CLARE ULASIEWICZ

VERSUS

TRAVELERS CASUALTY
INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 19-323-BAJ-EWD

**NOTICE AND ORDER**

On April 11, 2019, plaintiff, Mary Clare Ulasiewicz ("Plaintiff"), filed a Petition for Damages (the "Petition") against Travelers Casualty Insurance Company ("Travelers"), Shermco Industries, Inc. ("Shermco"), and Johnny Weaver ("Weaver") for damages allegedly arising out of a September 29, 2018 automobile accident.[1] On May 22, 2019, Travelers and Shermco (collectively, "Removing Defendants") filed a Notice of Removal asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[2]

Although Removing Defendants adequately allege the citizenship of Plaintiff and Weaver,[3] the Notice of Removal does not adequately allege the citizenship of Travelers or Shermco. The Removing Defendants assert that Travelers "is a foreign insurance company…whose principal place of business resides outside of the state of Louisiana."[4] This is an insufficient allegation of Travelers' citizenship. In the event Travelers is a corporation, Travelers' principal place of business and state of incorporation must be alleged.[5] In the event Travelers is a limited liability company or other type unincorporated association, the Removing Defendants must identify each

---

[1] R. Doc. 1-2.

[2] R. Doc. 1.

[3] The Removing Defendants allege that Plaintiff is domiciled in Louisiana and that Weaver is domiciled in Texas. R. Doc. 1, ¶¶ 6 & 9.

[4] R. Doc. 1, ¶ 7.

[5] *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

1

of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[6] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[7]

With respect to Shermco, Removing Defendants allege that Shermco "is a foreign corporation…whose principal place of business resides outside of the state of Louisiana."[8] Again, in order to adequately allege the citizenship of a corporation, the corporation's principal place of business and state of incorporation must be alleged.[9] Moreover, the Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged,'"[10] and this Court has previously held that "allegations phrased in the negative are insufficient."[11] Accordingly, the Removing Defendants' allegation that "[n]o defendant is a citizen of the state of Louisiana"[12] is not sufficient to establish complete diversity of the parties pursuant to 28 U.S.C. § 1332.

---

[6] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[7] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[8] R. Doc. 1, ¶ 8.

[9] *Getty Oil Corp.*, 841 F.2d at 1259.

[10] *Getty Oil*, 841 F.2d at 1259 (citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975); *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference)). *See also*, *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil,* 841 F.2d at 1259).

[11] *Truxillo v. American Zurich Ins. Co.*, Civil Action No. 16-369, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, Civil Action No. 12-1252, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).

[12] R. Doc. 1, ¶ 11.

In addition to the insufficiency of certain allegations of citizenship set forth above, the undersigned also *sua sponte* raises the issue of whether the amount in controversy requirement has been met. Plaintiff alleges that she sustained "severe personal injuries"[13] but does not provide any details regarding her injuries. Plaintiff only lists general categories of damages[14] and contends that as a result of the accident, she is entitled to recover damages for physical injury and impairment; past, present, and future pain and suffering, mental anguish, loss of enjoyment of life, and "doctor, medical, hospital, and pharmaceutical expenses;" lost wages and impairment of future earning capacity; permanent disability; "out-of-pocket losses;" and "[d]amage and loss of value to the vehicle and other personal property."[15] There is no information about Plaintiff's lost wages, out-of-pocket losses, medical expenses, property damage, or disability.[16] Although Plaintiff also

---

[13] R. Doc. 1-2, ¶ 6.

[14] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See*, *Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at * 3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[15] R. Doc. 1-2, ¶ 9.

[16] While Plaintiff alleges a 'permanent disability" in her Petition, such allegation appears to be generic and untethered to any specific injury. *See*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (facially apparent that the amount in controversy met where plaintiff alleged injuries to upper and lower back, right wrist, and left knee and patella and claimed damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, permanent disability, and disfigurement); *Kelly v. Dolgencorp, LLC*, Civil Action No. 10-879, 2010 WL 4484359, at * 2 (W.D. La. Nov. 1, 2010) (finding plaintiff's allegations, including the allegation of permanent disability, general and conclusory and distinguishing cases in which plaintiff claimed permanent disability in conjunction with specific injuries); *Guidry v. Murphy Oil USA, Inc.*, Civil Action No. 12-559, 2013 WL 4542433, at * 5 (M.D. La. Aug. 27, 2013) (noting that an allegation of permanent disability or impairment "would significantly increase the amount in controversy" but that it was not facially apparent that the amount in controversy was met based on plaintiff's unspecified allegations that he suffered injuries to his left arm, left shoulder, left elbow, and neck and included a "generic list of damages [that] can be found in many personal injury cases" [physical pain, mental pain and anguish, medical expenses, and loss of enjoyment of life].); *Touchet v. Union Oil Co. of California*, Civ. A. 01-2394, 2002 WL 465167, at * 2 (E.D. La. March 26, 2002) (distinguishing *Gebbia* and explaining that although plaintiff alleged "permanent disability," plaintiff did not allege specific injuries like the plaintiff in *Gebbia*).

3

seeks an award of punitive damages based on Weaver's alleged intoxication,[17] and contends that "her damages are likely to exceed the amount necessary for trial by jury in Louisiana,"[18] she asserts in her Petition that "a determination has not yet been made whether the amount in controversy satisfies the amount necessary for federal diversity jurisdiction. In fairness, plaintiff submits it is possible her damages would exceed the federal jurisdictional minimum, but cannot, in good faith, admit or deny that this is the case."[19] There is no information regarding pre-removal settlement demands, nor are there verified discovery responses (such as requests for admission) that would indicate the amount in controversy. Based on the information contained in the Petition and the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.[20]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **June 11, 2019**, Travelers Casualty Insurance Company ("Travelers") and Shermco Industries, Inc. ("Shermco") shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of Travelers and Shermco.

---

[17] R. Doc. 1, ¶ 8.

[18] R. Doc. 1-2, ¶ 12. Pursuant to La. C.C.P. art. 1732(1), a trial by jury is not available in "[a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs…." Accordingly, while Plaintiff alleges that her damages exceed $50,000, there is insufficient information to determine whether Plaintiff's damages are likely to exceed $75,000, exclusive of interest and costs. *See, e.g., Campbell v. Dolgencorp,* LLC, Civil Action No. 16-357, 2016 WL 4522673, at 3, n.2 (M.D. La. July 16, 2016) *report and recommendation adopted*, 2016 WL 4522182 (M.D. La. Aug. 29, 2016) ("Even if Plaintiff had requested a jury, given the vague injuries and categorical damages alleged in the Petition, the Court would give little weight to that request in establishing amount in controversy. *See Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ('jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied' but alone is not controlling to satisfy the jurisdictional requirement).").

[19] R. Doc. 1-2, ¶ 12.

[20] *See*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ("the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

**IT IS FURTHER ORDERED** that on or before **June 11, 2019**, Travelers and Shermco shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **June 25, 2019**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Travelers and Shermco have established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 29, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**